UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA

v.

JOWENKY NUNEZ, JR.,
a/k/a "Juju,"

*Defendant.*

**Protective Order Modification**

**22 Cr. 293 (JPO)**

Upon the application of the United States of America, with the consent of the undersigned counsel, and the defendant having requested discovery under Fed. R. Crim. P. 16, the Court hereby finds and orders as follows:

1. On July 26, 2022, the Court entered a Protective Order (the "Protective Order") (Dkt. 77) to govern discovery materials in this matter that was signed by all parties then in the case, including counsel for Jowenky Nunez, Jr. On July 29, 2022, the Court amended the Protective Order (Dkt. 80) to explicitly allow disclosure of discovery materials to the Coordinating Discovery Attorney. A copy of the Protective Order as amended is attached here as Exhibit A.

2. On or about December 5, 2024, Esereosonobrughue Joy Onaodowan, Esq., was appointed new counsel for Nunez Jr.

3. Counsel for Nunez Jr., Esereosonobrughue Joy Onaodowan, Esq., agrees to be bound by the terms of the Protective Order.

AGREED AND CONSENTED TO:

DAMIAN WILLIAMS
United States Attorney
Southern District of New York

by: /s/ Kevin Mead                                        Date: December 13, 2024
    Kevin Mead
    Sarah L. Kushner
    Ashley C. Nicolas
    Alexandra S. Messiter
    Assistant United States Attorneys

_____                           Date: 12/18/2024
Esereosonobrughue Joy Onaodowan, Esq.
Counsel for Elvis Trejo


SO ORDERED:

Dated: New York, New York
        December 19, 2024

_____
J. PAUL OETKEN
United States District Judge

2

# Exhibit A

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>        v.<br><br>JOWENKY NUNEZ,<br>        a/k/a "Juju,"<br>JERRIN PENA,<br>        a/k/a "Rooga,"<br>        a/k/a "Perry,"<br>ARIEL OLIVER,<br>        a/k/a "8Ball,"<br>        a/k/a "Ocho,"<br>JUSTIN DEAZA,<br>        a/k/a "Booka,"<br>        a/k/a "Pepito,"<br>WILSON MENDEZ,<br>        a/k/a "Tati,"<br>BRIAN HERNANDEZ,<br>        a/k/a "Malikai,"<br>VICTOR COLON,<br>        a/k/a "V,"<br>JOSE GUTIERREZ,<br>        a/k/a "G,"<br>ARGENIS TAVAREZ,<br>        a/k/a "Nose,"<br>        a/k/a "A-Kash," and<br>NIJMAH MARTE,<br>        a/k/a "N,"<br>        a/k/a "Nena,"<br><br>                                *Defendants.* | **Protective Order**<br><br>**22 Cr. 293 (JPO)** |

Upon the application of the United States of America, with the consent of the undersigned counsel, and the defendants having requested discovery under Fed. R. Crim. P. 16, the Court hereby finds and orders as follows:

1. **Disclosure Material.** The Government will make disclosure to the defendants of documents, objects and information, including electronically stored information ("ESI"), pursuant to Federal Rule of Criminal Procedure 16, 18 U.S.C. § 3500, and the Government's general obligation to produce exculpatory and impeachment material in criminal cases, all of which will be referred to herein as "disclosure material." The Government's disclosure material may include material that (i) affects the privacy and confidentiality of individuals and entities; (ii) would impede, if prematurely disclosed, the Government's ongoing investigation of uncharged individuals; (iii) would risk prejudicial pretrial publicity if publicly disseminated; and/or (iv) is not authorized to be disclosed to the public or disclosed beyond that which is necessary for the defense of this criminal case.

2. **Sensitive Disclosure Material.** Certain of the Government's disclosure material, referred to herein as "Sensitive Disclosure Material," may contain information that identifies, or could lead to the identification of, witnesses who may be subject to intimidation or obstruction, and whose lives, persons, and property, as well as the lives, persons, and property of loved ones, will be subject to risk of harm absent the protective considerations set forth herein, or information that may raise a heightened risk to the privacy and confidentiality of individuals or to an ongoing investigation of uncharged individuals. Materials to be produced by the Government and which contain Sensitive Disclosure Material will be designated as "Sensitive Disclosure Material" by the Government and conspicuously marked as such, either by marking the materials themselves; the file names of the materials; or the folders containing the materials, with the words "Sensitive Disclosure Material." The Government's designation of material as

2

Sensitive Disclosure Material will be controlling absent contrary order of the Court. In the event of any dispute as to the Government's designation of particular Disclosure Material as "Sensitive Disclosure Material," the parties shall meet and confer regarding such dispute, without prejudice to a subsequent application by defense counsel seeking de-designation of such material by the Court.

3. **Attorney's Eyes Only Material.** Certain discovery materials in this case may contain information that raises a particular risk of impeding the Government's ongoing investigation of uncharged individuals because it allows for identification of those uncharged individuals, of identifying witnesses who may be subject to intimidation or obstruction, and whose lives, persons, and property, as well as the lives, persons, and property of loved ones, will be subject to risk of harm absent the protective considerations set forth herein, or of improperly affecting the privacy and confidentiality of individuals. Discovery materials produced by the Government to the defendants or their counsel that include a Bates or other label stating "AEO," shall be deemed "AEO Material."

4. **Facilitation of Discovery.** The entry of a protective order in this case will permit the Government to produce expeditiously the disclosure material without further litigation or the need for substantial redaction. It will also afford the defense prompt access to those materials, in substantially unredacted form, which will facilitate the preparation of the defense.

5. **Good Cause.** There is good cause for entry of the protective order set forth herein.

**Accordingly it is hereby Ordered:**

6. Disclosure material shall not be disclosed by the defendants or defense counsel, including any successor counsel ("the defense") other than as set forth herein, and shall be used by the defense solely for purposes of defending this action. The defense shall not post any disclosure material or Sensitive Disclosure Material on any Internet site or network site to which persons other than the parties hereto have access, and shall not disclose any disclosure material to the media or any third party except as set forth below.[1]

7. Disclosure material that is not Sensitive Disclosure Material may be disclosed by counsel to: (a) each defendant for purposes of defending this action, (b) personnel for whose conduct counsel is responsible, *i.e.*, personnel employed by or retained by counsel, as needed for purposes of defending this action; or (c) prospective witnesses for purposes of defending this action. In addition, if defense counsel requests and the Court appoints a Coordinating Discovery Attorney ("CDA"), Disclosure Material may be disclosed to that attorney.

8. Sensitive Disclosure Material may be disclosed by counsel to each defendant and to personnel for whose conduct counsel is responsible, *i.e.*, personnel employed by or retained by counsel, as needed for purposes of defending this action, including a CDA; however, Sensitive Disclosure Material shall be kept in the sole possession of counsel or personnel for whose conduct counsel is responsible; shall not be reviewed or maintained by the defendant outside the presence of counsel or personnel for whose conduct counsel is responsible (except when a

---

[1] This does not prohibit counsel for the defendants from using secure private web services, such as "Drop Box," to store disclosure material or Sensitive Disclosure Material, provided that the only people with access to such services are those authorized herein to receive disclosure material or Sensitive Disclosure Material, or to transfer such material to such authorized recipients.

4

defendant is reviewing Sensitive Disclosure Material at counsel's office); and shall not be copied or otherwise recorded by the defendant.

9. AEO Material is subject to the same restrictions set forth above in Paragraph 8 for Sensitive Disclosure Material, except that AEO Material shall not be disclosed to or possessed by the defendants.

10. The Government may authorize, in writing, disclosure of disclosure material, Sensitive Disclosure Material, and AEO Material beyond that otherwise permitted by this Order without further Order of this Court.

11. This Order does not prevent the disclosure of any disclosure material in any hearing or trial held in this action, or to any judge or magistrate judge, for purposes of this action. However, Sensitive Disclosure Material and AEO Material pertinent to any motion before the Court should initially be filed under seal, absent consent of the Government or Order of the Court. All filings should comply with the privacy protection provisions of Fed. R. Crim. P. 49.1.

12. If any dispute should arise between the parties to this action as to whether any disclosure material is properly designated as Sensitive Disclosure Material or AEO Material subject to the provisions of this Order, the parties shall seek resolution of such dispute by the Court. Until the Court has decided the issue, the Government's designation shall apply.

**Disclosure and Protection of Seized ESI**

13. The Government has advised that information that may be subject to disclosure in this case may be contained within ESI that the Government has seized, pursuant to warrants issued

during the course of the investigation, including from various cell phones belonging to, among others, the defendants.

14. This Order places no restriction on a defendant's use or disclosure, or the use or disclosure by that defendant's counsel, of ESI that originally belonged to the defendant.

### Return or Destruction of Material

15. The defense shall provide a copy of this Order to prospective witnesses and persons retained by counsel to whom the defense has disclosed disclosure material. All such persons shall be subject to the terms of this Order. Defense counsel shall maintain a record of what information has been disclosed to which such persons.

## Retention of Jurisdiction

16. The provisions of this Order shall not terminate at the conclusion of this criminal prosecution and the Court will retain jurisdiction to enforce this Order following termination of the case.

AGREED AND CONSENTED TO:

DAMIAN WILLIAMS
United States Attorney
Southern District of New York

by: /s/ Kevin Mead             Date: June 29, 2022
    Kevin Mead
    Sarah L. Kushner
    Ashley C. Nicolas
    Assistant United States Attorneys

_____    Date: 06.30.2022
Jeffrey Pittell, Esq.
Counsel for Jowenky Nunez

_____    Date: 6/30/22
Gary Kaufman, Esq.
Counsel for Jerrin Pena

_____    Date: _____
Patrick Brackley, Esq.
Counsel for Ariel Oliver

_____    Date: _____
Valerie Gotlib, Esq.
Counsel for Justin Deaza

7

## Retention of Jurisdiction

16. The provisions of this Order shall not terminate at the conclusion of this criminal prosecution and the Court will retain jurisdiction to enforce this Order following termination of the case.

AGREED AND CONSENTED TO:

DAMIAN WILLIAMS
United States Attorney
Southern District of New York

by: /s/ Kevin Mead                              Date: June 29, 2022
Kevin Mead
Sarah L. Kushner
Ashley C. Nicolas
Assistant United States Attorneys

_____                     Date: 06.30.2022
Jeffrey Pittell, Esq.
Counsel for Jowenky Nunez

_____                     Date: _____
Gary Kaufman, Esq.
Counsel for Jerrin Pena

_____                     Date: 7/25/22
Patrick Brackley, Esq.
Counsel for Ariel Oliver

_____                     Date: _____
Valerie Gotlib, Esq.
Counsel for Justin Deaza

7

## Retention of Jurisdiction

16. The provisions of this Order shall not terminate at the conclusion of this criminal prosecution and the Court will retain jurisdiction to enforce this Order following termination of the case.

AGREED AND CONSENTED TO:

DAMIAN WILLIAMS
United States Attorney
Southern District of New York

by: /s/ Kevin Mead               Date:  June 29, 2022
    Kevin Mead
    Sarah L. Kushner
    Ashley C. Nicolas
    Assistant United States Attorneys

_____          Date:  06.30.2022
Jeffrey Pittell, Esq.
Counsel for Jowenky Nunez

_____          Date:  _____
Gary Kaufman, Esq.
Counsel for Jerrin Pena

_____          Date:  _____
Patrick Brackley, Esq.
Counsel for Ariel Oliver

_____          Date:  06/30/2022
Valerie Gotlib, Esq.
Counsel for Justin Deaza

7

*Dawn Florio*                  Date: 7/19/2022
Dawn Florio, Esq.
Counsel for Wilson Mendez

_____     Date: _____
Evan Lipton, Esq.
Counsel for Brian Hernandez

_____     Date: _____
Christopher Booth, Esq.
Counsel for Victor Colon

_____     Date: _____
Joseph Caldarera, Esq.
Counsel for Jose Gutierrez

_____     Date: _____
James Neuman, Esq.
Counsel for Nijmah Marte


SO ORDERED:

Dated: New York, New York
        _____, 2022

_____
THE HONORABLE J. PAUL OETKEN
UNITED STATES DISTRICT JUDGE

8

_____  Date: _____
Dawn Florio, Esq.
Counsel for Wilson Mendez

_____  Date:    7/19/22
Evan Lipton, Esq.
Counsel for Brian Hernandez

_____  Date: _____
Christopher Booth, Esq.
Counsel for Victor Colon

_____  Date: _____
Joseph Caldarera, Esq.
Counsel for Jose Gutierrez

_____  Date: _____
James Neuman, Esq.
Counsel for Nijmah Marte

SO ORDERED:

Dated: New York, New York
          _____, 2022

_____
THE HONORABLE J. PAUL OETKEN
UNITED STATES DISTRICT JUDGE

8

_____  Date: _____
Dawn Florio, Esq.
Counsel for Wilson Mendez


                             Date: _____
Evan Lipton, Esq.
Counsel for Brian Hernandez

_____  Date: 7-6-2022
Christopher Booth, Esq.
Counsel for Victor Colon


_____  Date: _____
Joseph Caldarera, Esq.
Counsel for Jose Gutierrez


_____  Date: _____
James Neuman, Esq.
Counsel for Nijmah Marte


SO ORDERED:

Dated: New York, New York
       _____, 2022

                              _____
                              THE HONORABLE J. PAUL OETKEN
                              UNITED STATES DISTRICT JUDGE

8

———————————————————          Date: ———————————
Dawn Florio, Esq.
Counsel for Wilson Mendez


———————————————————          Date: ———————————
Evan Lipton, Esq.
Counsel for Brian Hernandez


———————————————————          Date: ———————————
Christopher Booth, Esq.
Counsel for Victor Colon


———————————————————          Date: 6/30/22
~~Joseph Caldarera,~~ Esq. CONOR MCNAMARA
Counsel for Jose Gutierrez


———————————————————          Date: ———————————
James Neuman, Esq.
Counsel for Nijmah Marte



SO ORDERED:

Dated: New York, New York
            _____, 2022


                                        ———————————————————
                                        THE HONORABLE J. PAUL OETKEN
                                        UNITED STATES DISTRICT JUDGE

8

_____  Date: _____
Dawn Florio, Esq.
Counsel for Wilson Mendez


_____  Date: _____
Evan Lipton, Esq.
Counsel for Brian Hernandez


_____  Date: _____
Christopher Booth, Esq.
Counsel for Victor Colon


_____  Date: _____
Joseph Caldarera, Esq.
Counsel for Jose Gutierrez


*/s/ James Neuman*  Date: 6/30/2022
James Neuman, Esq.
Counsel for Nijmah Marte




SO ORDERED:

Dated: New York, New York
       July 26, 2022

_____
J. PAUL OETKEN
United States District Judge

8

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>JOWENKY NUNEZ,<br>    a/k/a "Juju,"<br>JERRIN PENA,<br>    a/k/a "Rooga,"<br>    a/k/a "Perry,"<br>ARIEL OLIVER,<br>    a/k/a "8Ball,"<br>    a/k/a "Ocho,"<br>JUSTIN DEAZA,<br>    a/k/a "Booka,"<br>    a/k/a "Pepito,"<br>WILSON MENDEZ,<br>    a/k/a "Tati,"<br>BRIAN HERNANDEZ,<br>    a/k/a "Malikai,"<br>VICTOR COLON,<br>    a/k/a "V,"<br>JOSE GUTIERREZ,<br>    a/k/a "G,"<br>ARGENIS TAVAREZ,<br>    a/k/a "Nose,"<br>    a/k/a "A-Kash," and<br>NIJMAH MARTE,<br>    a/k/a "N,"<br>    a/k/a "Nena,"<br><br>                         *Defendants.* | **Protective Order Modification**<br><br>**22 Cr. 293 (JPO)** |

The Court hereby finds and orders as follows:

WHEREAS on July 26, 2022, the Court entered a Protective Order (the "Protective Order") (Dkt. 77) to govern discovery materials in this matter; and

WHEREAS on June 24, 2022, the Court appointed Emma M. Greenwood as the coordinating discovery attorney (the "CDA") to organize global discovery (Dkt. 69); and

WHEREAS the CDA and third parties supporting the CDA will require access to the discovery materials in order to fulfill the CDA's Court-appointed function; and

WHEREAS the Protective Order does not explicitly authorize the disclosure of discovery materials to the CDA and individuals supporting the CDA;

IT IS HEREBY ORDERED that the Protective Order is modified to expressly authorize disclosure to the CDA of all global discovery material, including sensitive disclosure material and attorney's eyes only material, produced in this case.

IT IS FURTHER ORDERED that the CDA may disclose, make copies of, or reveal the contents of discovery material, including sensitive disclosure material and attorney's eyes only material, to defense counsel and to her employees who are assisting in the preparation and dissemination of such materials, and to third party vendors she may deem necessary to retain to process the material she receives, all in furtherance of fulfilling her duties and obligations under the Court's June 24, 2022 Order appointing her.

IT IS FURTHER ORDERED that Ms. Greenwood shall serve the July 26, 2022 Protective Order and this Order upon any such attorney, employee or vendor, instructing them

that they are bound by their terms, and she shall instruct such other persons that further disclosure is prohibited.

SO ORDERED:

Dated: New York, New York
       July 29, 2022

_____
J. PAUL OETKEN
United States District Judge

3